IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DRAFT NOT FOR PUBLICATION

| W. DANA VENNEMAN, et al., | Civil Action No. |
| --- | --- |
| Plaintiff, | 2:09-CV-5672-ES-SCM |
| v. | **OPINION AND ORDER ON PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER FROM A VERBAL ORDER BY A PREVIOUSLY ASSIGNED JUDGE** |
| BMW FINANCIAL SERVICES NA, LLC, et al., | |
| Defendants. | **[D.E. 113]** |

## I. INTRODUCTION

Pending before this Court is a dispute concerning discovery of the respective income and allowances plaintiffs received before, during, and after mobilization into active military service. The genesis of this discovery dispute was initially heard by the Honorable Ester Salas as a U.S. Magistrate Judge. The parties subsequently submitted a stipulation which, *inter alia*, addressed the scope of the at-issue discovery. That stipulation was endorsed and filed by the Honorable Joseph A. Dickson, U.S.M.J. The Honorable Cathy L. Waldor, U.S.M.J. was assigned to this matter after Judge Salas was elevated to U.S. District Judge. Judge Waldor issued a verbal order expanding the scope of discovery during an unrecorded telephone

conference. As a result, plaintiffs sought and received leave from Judge Salas to make this motion for a protective order.

The Court has considered the parties' submissions and oral argument, pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth below the Court denies the motion for a protective order because the underlying verbal order is arguably unenforceable because it was not reduced to writing.

## II. **BACKGROUND**[1]

This action concerns capitalized cost reduction payments in the context of automobile leases and whether such "payments constitute rent paid in advance for the purposes of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *et seq*. (the "Act")." (Docket Entry ("D.E.") 1). Plaintiffs are military service members who were mobilized for deployment. They contend that capitalized cost reduction payments constitute rent paid in advance under the Act and are subject to pro-rata reimbursement under the terms of the Act. Defendant BMW Financial Services NA, LLC disputes plaintiffs' claims and moved for summary judgment, arguing that the Act does not require reimbursement of capitalized cost reduction payments. (D.E. 59).

---

[1] At this stage of the proceedings we are required to accept the facts alleged in the Amended Complaint as true.

2

That motion is pending before the Honorable Ester Salas, U.S.D.J.

### III. **RELEVANT PROCEDURAL HISTORY**

On May 12, 2011, then-United States Magistrate Judge Salas held a status conference and oral argument on a number of discovery disputes. (D.E. 48, Transcript of 5/12/2011 status conference). Among the disputes was the production of plaintiffs Venneman and Collins' respective military leave and earnings statements, i.e., pay stubs. (D.E. 48, T at 23.20 – 21). Defense counsel argued that the pay stubs show total compensation, not just base pay, and are relevant to defendant's equitable defense that some or all of the plaintiffs' compensation during mobilization was actually higher than prior to mobilization. (D.E. 48, T at 24.1 to 25.12). Plaintiffs' counsel argued that the equitable defense was waived under § 535(g) because defendant failed to timely move before a court prior to "the effective date of the [lease] termination[s]…." (D.E. 48, T at 28.1 – 12).

Judge Salas verbally ruled that the paystubs were "relevant…", [D.E. 48, T at 28.22 – 24] and determined that "yearly earnings" should be produced. (D.E. 48, T at 29.6). The record is silent on whether counsel ever requested that the ruling be memorialized in writing. Nonetheless, the parties

subsequently stipulated that "Plaintiff Venneman shall produce his complete federal tax returns and his leave and earnings statements indicating total leaving and earning compensation for the period of tax years 2005 through 2007." (D.E. 51 at ¶ 4a). It was further stipulated that "Plaintiff Collins shall produce his complete federal tax returns and his leave and earnings statements indicating total leaving and earning compensation for the period of tax years 2004 and 2005." (Id.). That stipulation was endorsed by the Honorable Joseph A. Dickson, U.S.M.J. and filed on August 2, 2011. (D.E. 52).

One year later, on August 22, 2012, Judge Waldor held a telephone status conference. The parties agree that Judge Waldor issued a verbal ruling that expanded the scope of discovery. The ruling was not recorded and what was ordered is debatable. The Judge's notes indicate that plaintiff Collins was `to provide his 2003 through 2005 taxes and leave and earnings statement….' The parties, however, appear to agree that Judge Waldor ordered plaintiff Collins to produce weekly paystubs for 2003 through 2005. (D.E. 118, Plaintiffs' Reply Brief at 16; D.E. 116, Defendants' Opposition Brief at 1, 5). Either way, Plaintiffs sought, and the Honorable Ester Salas, U.S.D.J. granted, "leave to bring a Motion for a Protective Order regarding Defendants' use of the Plaintiffs' income and financial information" on August 28, 2012. (D.E. 110).

4

The instant motion was filed on September 5, 2012. (D.E. 113). Defendant filed opposition, [D.E. 116] and Plaintiffs replied. (D.E. 118). The motion was reassigned to the undersigned on December 10, 2012. Oral argument was heard on June 14, 2013.

IV. **DISCUSSION**

Plaintiffs seek a Protective Order "(1) precluding Defendants from introducing evidence of or testimony regarding any putative class member's income, earnings or benefit; (2) precluding Defendants from making any argument that they are retroactively excused from complying with the refund obligations found in 50 U.S.C. App § 535 (f) based upon any income or equitable related principal; and (3) barring the further production of any Plaintiff or putative class members' wage, income, or benefit related testimony or similar evidence. Plaintiffs cite 50 U.S.C.A. § 535(g) as the basis for this Order." (D.E. 113-1 at 5).

Defendants oppose the motion. (D.E. 116). They "intend to argue that to the extent certain class members, perhaps even the named Plaintiffs, actually made more during the course of their deployment to active duty, Defendants could petition the Court for equitable relief under the SCRA from having to return pro

rata refunds sought by Plaintiffs." (D.E. 116, Defendants' Brief at 4).

The relief requested by plaintiffs would bar the introduction of evidence at trial, i.e., as an *in limine* motion.[2] They also seek relief precluding defendants from making any argument that they are retroactively excused from complying with the refund obligations found in 50 U.S.C. App § 535 (f) based upon any income or equitable related principal.  That relief, however, is dispositive in nature and outside the jurisdiction of a magistrate judge.

### a. *Motion for a Protective Order*

A court may issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to regulate the terms, conditions, time or place of discovery.  Plaintiffs, as the moving parties, bear the burden of showing good cause for the issuance of a protective order "by demonstrating a particular need for protection [and] [b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Group, Inc.,* 785 F.2d

---

[2] The Court of Appeals for the Third Circuit has stated that a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburg Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990).

1108, 1121 (3d Cir. 1986) *(citing United States v. Garrett,* 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978).

Plaintiffs essentially argue that the discovery sought is not relevant to any viable defense and is therefore burdensome to produce. Federal Rule of Civil Procedure 26(b)(1) provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Stated otherwise, discovery is limited to any matter relevant to a party's claims, defenses, or the subject matter involved in the litigation upon a finding of good cause. Fed.R.Civ.P. 26(b)(1). That is because the sole purpose of discovery is to add flesh for trial on the parties' respective claims and defenses in the given action. Discovery is not a fishing expedition for potential claims or defenses.

Relevant information need not be admissible at trial to be discoverable, but the party seeking discovery must "show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000).

Defendants contend that Plaintiffs' motion is actually seeking reconsideration of the prior verbal rulings of Judge Salas and Judge Waldor. Plaintiffs respond that they have already produced the discovery required by Judge Salas' May 2012 ruling and the parties' stipulation. (D.E. 118, Reply Brief at

7

11- 12). That is, plaintiff Collins' yearly income totals for 2004 and 2005. (Id. citing D.E. 52 at ¶ 4(a)). Plaintiffs assert that Defendants sought to expand the scope of discovery before Judge Waldor to include income from 2003 through 2010 as well as for weekly paystubs. (D.E. 118, Plaintiffs' Reply Brief at 13).

At oral argument, Defendants did not dispute that Plaintiffs have complied with the stipulation entered by Judge Dickson. Therefore, it appears there is no controversy concerning the stipulation and if there were such a dispute it would be subject to the law of the case doctrine.[3]

---

[3] The law of the case doctrine "directs courts to refrain from re-deciding issues that were resolved in an earlier stage of litigation," absent a showing of a compelling reason to do so. *Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). The doctrine applies when a court is considering the same issue raised earlier or applying the same rule of law earlier determined. *See Feesers, Inc. v. Michael Foods, Inc.*, 591 F.3d 191, 207 (3d Cir. 2010). It should be noted that the law of the case doctrine does not limit a federal court's power; rather, it directs the court's exercise of discretion. *Pub. Interest Research Group of N.J., Inc.*, 123 F.3d at 116 (citing *Arizona v. California*, 460 U.S. 605, 619 (1983); *Messinger v. Anderson*, 225 U.S. 436, 444 (1912)).

As noted in Wright & Miller, 18B Fed. *Prac. & Proc. Juris.* § 4478, *Law of the Case*, "courts are understandably reluctant to reopen a ruling once made," but this reluctance is not tantamount to a lack of authority. Rather, the primary constraint faced by courts is a matter of discretion. *See id.* Only after a court has been appealed to a higher court do principles of authority bind a lower court on remand to the law of the case established on appeal. *Id*.

As for Judge Waldor's verbal ruling, plaintiffs could have addressed their concerns with Judge Waldor on a motion for reconsideration. That did not happen. Conversely, defendants could have requested that Judge Waldor memorialize her ruling in writing, but that did not happen either.

The Federal Rules of Civil Procedure provide that the jurisdiction of magistrate judges include non-dispositive matters. Fed.R.Civ.P. 72(a). Rule 72(a) states as follows:

> (a) Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Plaintiffs seek protection from Judge Waldor's verbal ruling. The Court, however, declines to either enforce or provide protection from that verbal ruling, because, as stated

---

The Third Circuit has recognized several "extraordinary circumstances" that warrant a court's reconsideration of an issue decided earlier in the course of litigation. They include situations where: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create a manifest injustice. *See Bridge v. U.S. Parole Commission*, 981 F.2d 97, 103 (3d Cir. 1992); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169-70 (3d Cir. 1982). None of these factors have been met with regard to the stipulation.

in *Esterquest v. Booz-Allen & Hamilton, Inc.*, 2003 W.L. 2167360 at 2 (S.D.N.Y. 2003), "it is not clear to the Court what the terms of the ruling were." Moreover, as the *Esterquest* Court stated, "it is debatable whether under Federal Rule of Civil procedure 72(a) such oral orders are enforceable." Id. Accordingly, the motion for a protective order is denied.

V.  **CONCLUSION**

For the foregoing reasons, and good cause shown,

IT IS on this 20th day of June, 2013,

**ORDERED** that Plaintiffs' motion for a protective order is denied.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/20/2013 1:17:44 PM