IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| W. DANA VENNEMAN, et al.,<br><br>   Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES NA, LLC, et al.,<br><br>   Defendants. | Civil Action No.<br><br>2:09-CV-5672-ES-SCM<br><br>**OPINION AND ORDER ON DEFENDANTS' MOTION TO SEAL**<br><br>**[D.E. 129]** |

## I. INTRODUCTION

Pending before this Court is Defendant BMW Financial Services NA, LLC's ("BMW Financial") renewed motion to seal [Docket Entry ("D.E.") 129] certain materials submitted with Plaintiffs' motion for partial summary judgment [D.E. 60] and accompanying reply [D.E. 68]. The Court has considered the parties' submissions and oral argument pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth below the Court will administratively terminate the motion and order Defendants to supplement their filing.

## I. BACKGROUND[1]

This action concerns capitalized cost reduction payments in the context of automobile leases and whether such "payments constitute rent paid in advance for the purposes of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 *et seq.* (the "Act")." (D.E. 1). Plaintiffs are military service members who were mobilized for deployment. They contend that capitalized cost reduction payments constitute rent paid in advance under the Act and are subject to pro-rata reimbursement under the terms of the Act. Defendant BMW Financial disputes plaintiffs' claims and moved for summary judgment, arguing that the Act does not require reimbursement of capitalized cost reduction payments. (D.E. 59). That motion is pending before the Honorable Esther Salas, U.S.D.J.

## II. RELEVANT PROCEDURAL HISTORY

On February 17, 2012, BMW Financial filed a motion to seal certain documents. (D.E. 72). The Court set March 19, 2012 as the return date. Plaintiffs filed their opposition to the motion on March 5, 2012. (D.E. 75). Defendants' reply brief was filed on March 12, 2012. (D.E. 77).

---

[1] At this stage of the proceedings we are required to accept the facts alleged in the Amended Complaint as true.

2

The exhibits sought to be sealed by BMW financial were as follows: BMW Financial's Lease Program Worksheet (Exhibit B), BMW Group Funding Notification for Venneman (Exhibit E), Lease transaction documents for six (6) leases (Exhibits G through L), a Center Agreement (Exhibit M), BMW Financial's Group Accounting Guidelines (Exhibit P), Reporting and Controlling guidelines (Exhibit Q), and a 05/06 Financing Handbook (Exhibit R), a Pro Rata CCR Chart for Service Members (Reply Exhibit A), and Reporting and Controlling Guidelines for 2008 (Reply Exhibit F). On September 25, 2012, Magistrate Judge Waldor issued an order granting the motion in part and denying it in part. (D.E. 121).

Prior to the Court's September 25, 2012, Order, BMW Financial withdrew its Motion to Seal as to Exhibit B, and the parties agreed to a limited production as to Exhibits P, Q, and R. (*See* D.E. 121, Sept. 25, 2012, Letter Order). Judge Waldor found that Exhibits E and G through L attached to Plaintiffs' motion for summary judgment would likely "subject BMW Financial to a competitive disadvantage," and that the "public interest in having this information disclosed is clearly outweighed by the inevitable negotiating disadvantages that would result from the release of the fee and reserve rates." *Id*. Accordingly, Judge Waldor ordered that Exhibits E and G through L be redacted in accordance with the Court's Order and submitted to the Court with Plaintiff's supplemental filing. *Id*. Similarly, Judge

Waldor found that Exhibit A, the Pro Rata CCR Chart, should be redacted with regard to personal identifying information.  *Id*.

With regard to Exhibit M, the BMW Center Agreement, Judge Waldor denied the motion to seal without prejudice.  The Court agreed with Defendants that the agreement contained certain sensitive information that warrants sealing, but found that BMW Financial "must narrow its request to include only those portions of the Exhibit M, which, if open to the public, would [affect] the parties' legitimate business interests and must set forth with particularity the reason open access to said documents would harm the parties."  *Id*.  Accordingly, Judge Waldor directed BMW Financial to make a supplemental filing to the motion to seal indicating the portions of Exhibit M which it deems to be protected.  *Id*.

Judge Waldor also considered Defendants' motion to seal Exhibit F, BMW Financial's Reporting and Controlling Guidelines, attached to the reply.  Defendants argued that Exhibit F contained BMW Financial's accounting methodology, and that such information is normally kept private from its competitors.  The Court found that BMW Financial's request to seal Exhibit F was not sufficiently narrow, and accordingly denied the motion as to Exhibit F without prejudice.  *Id*.

On November 26, 2012, BMW Financial filed its renewed motion to seal Exhibits M and F.  (D.E. 129).  With its renewed

4

filing BMW Financial included a declaration of Patrick Clark, the General Manager of New Business with BMW Group Financial Services. (D.E. 129-3). In the Declaration Mr. Clark indicates that Exhibits M and F include Defendants' "confidential, proprietary, and sensitive business information." (*Id*. at *2, ¶3). With regard to Exhibit M, the Center Agreement, Mr. Clark declared that the agreement was negotiated and agreed upon by BMW Financial and an individual dealership, and contains material terms that differ from dealership to dealership. (*Id*. at *2, ¶¶4-6). As such, Mr. Clark declared that public disclosure of the Center Agreement in its entirety would place BMW Financial at a competitive disadvantage when negotiating future agreements with individual dealerships. (*Id*. at *2, ¶ 6). Specifically, Mr. Clark declared that Paragraphs 2 (Sale and Purchase of Contracts, Processing of Promissory Notes), 3 (Supplemental Contracts), 7 (Center Representations and Warranties to Each Contract), and 8 (Center Liability), contain sensitive contractual provisions "which differ from dealership to dealership," and therefore those provisions should be "redacted prior to any public production or dissemination." (*Id*. at *2-3, ¶¶ 7-11).

The Declaration also referenced Exhibit F, BMW Group's Reporting and Controlling Guidelines. (*Id*. at *3, ¶ 12). Mr. Clark declared that the Reporting and Controlling Guidelines

5

contain an "explanation of how BMW Group accounts for and reports Leasing Depreciation Expenses," and that the accounting and reporting methodology described therein "is not available to the public and may not be used by BMW FS's competitors." (*Id*. at *4, ¶¶ 13-14). Mr. Clark further declared that the accounting and reporting methodology is "not generally accepted in the industry and each of BMW FS's competitors may have a different method of accounting and reporting for Leasing Depreciation Expense," and therefore the public disclosure of this accounting and methodology would "place BMW Group at a competitive disadvantage[.]" *Id*. at *4, ¶¶15-16. Further, Mr. Clark declared that the production of Exhibit F would "disclose confidential reporting and accounting procedures for subsidiaries and affiliates who are not parties [to this action]," and accordingly requested that the first full paragraph after the heading "Account 5400 Leasing Depreciation Expense" be redacted in its entirety. *Id*. at *4, ¶17-18.

### III. **DISCUSSION**

The Third Circuit recognizes a "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). There is a "presumptive right of public access to pretrial motions of a non-discovery nature, whether preliminary or dispositive, and

6

the material filed in connection therewith." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). The presentation of materials to the Court creates a presumption that such materials, regardless of a discovery designation by the parties, are part of the public record and subject to public access. *See* Comment to L. Civ. R. 5.3(c)(2); *Bank of America Nat'l Trust and Savs. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 346 (3d Cir. 1988). Local Civil Rule 5.3(a)(4) codifies this presumption and provides that "[s]ubject to this rule and to statute or other law, all materials and judicial proceedings are matters of public record and shall not be sealed." *Id*.

However, the right of public access is not absolute. *Leucadia*, 998 F.2d at 165. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn*, 851 F.2d at 678 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In the Third Circuit, a party moving to seal court records bears the burden of showing that the parties' interest in secrecy outweighs the public right of access. *See Faulman v. Security Mutual Financial Life Ins. Co.*, 2006 WL 15410559 at *1 (D.N.J. June 2, 2006). In doing so, the moving party must describe a specific injury that public disclosure will inflict. *In re Cendant Corp.*, 260 F.3d 183, 194

(3d Cir. 2001) (holding that "the party seeking the closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure.") (citations and internal quotations omitted); *see also Zurich America Ins. Co. v. Rite Aid Corp.*, 345 F.Supp.2d 497, 503 (E.D. Pa. 2004).

The burden that parties moving to seal court documents must bear is embodied in this District's Local Rules. Specifically, Local Civil Rule 5.3(c)(2) requires the party moving to seal an otherwise publicly available document to show:

> (a) the nature of the materials or proceedings at issue;
> (b) the legitimate private or public interests which warrant the relief sought;
> (c) the clearly defined and serious injury that would result if the relief sought is not granted; and
> (d) why a less restrictive alternative to the relief sought is not available.

In addition, Local Civil Rule 5.2(c)(3) establishes certain procedural requirements for the filing of motions to seal.[2] When a protective order is in place, the parties may file "[a]ny

---

[2] Parties are often unaware of the procedure they must follow when filing a motion to seal. *See generally* Mary Pat Gallagher, *Federal Court in N.J. Cracks Down on Wrongly Filed Sealing Motions*, 186 N.J.L.J. 879 ("Lawyers are improperly filing motions to seal ..."); *see also Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 2007 WL 2085350 at *3 (not reported in F.Supp.2d)(D.N.J. 2007)

8

materials deemed confidential by a party or parties ... under the designation "confidential materials"... [under seal] until such time as the motion is decided." *Id*. This section "is intended to allow confidential materials to be filed and remain under seal until a motion to seal or otherwise restrict public access is ruled on." *See* Explanatory Note to Local Civil Rule 5.3(c)(3). In cases where a protective order has not been entered, parties should follow the provisions of L.Civ.R. 5.3(c)(6), which allows for the entry of a temporary sealing order until a formal motion, filed pursuant to Local Civil Rule 7.1, can be adjudicated by the court. Parties should be aware that if the motion to seal is denied this material would then be available to public access. *Bank of America Nat'l Trust and Savings Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339 (3d Cir.1988).

Here, BMW Financial has provided a declaration describing the materials it seeks to seal and the reasons why it seeks such relief. However, the Court notes that those materials have not been filed designated as confidential under seal,[3] or even filed in redacted form. To the contrary, there is no electronic record of these materials whatsoever. While the Court understands that the materials that are the subject of this

---

[3] When uploading a .pdf file onto CM/ECF, parties are able to click a checkbox marked "Seal" in order to prevent public access to that document. *See* L.Civ.R. 5.3(c).

9

motion have previously been submitted to this Court for *in camera* review, the Court also recognizes the clear importance of adhering to the Local Rules and respecting the public right of access. Following the proper procedure regarding motions to seal set forth in the Local Rules is important, as doing so provides the Court with "an electronic record of each document in its original form in perpetuity." *Bracco Diagnostics, Inc. v. Amersham Health, Inc.*, 2007 WL 2085350 at *3. At present, the absence of the subject documents effectively restricts public access irrespective of the Court's decision. *See id*. Accordingly, the Court will direct BMW Financial to file the exhibits it seeks to seal in accordance with L.Civ.R. 5.3(c), and will defer adjudicating this matter until a complete electronic record is established.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, and good cause shown,

IT IS on this 26th day of June, 2013,

**ORDERED** that Defendants shall supplement the motion record by filing redacted copies of the relevant confidential materials within fourteen (14) days of the date of this Order; and it is further

**ORDERED** that, for administrative purposes, the instant motion to seal will be held in abeyance pending the Court's determination upon Defendants' filing described above.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/26/2013 7:17:08 PM